UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES TROIANO, | : |
| Petitioner | : |
| | : CIVIL ACTION NO. 3:14-1622 |
| v. | : |
| | : (Judge Mannion) |
| DONNA ZICKERFOOSE, Warden | : |
| Respondent | : |

# MEMORANDUM

Petitioner, James Troiano, an inmate currently confined in the Allenwood United States Penitentiary, ("USP-Allenwood"), White Deer, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges a conviction and sentence imposed by the United States District Court for the District of Hawaii. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.

**II.   Procedural Background**

On June 22, 2005, a Grand Jury indicted Petitioner James Troiano on three counts: (1) conspiring to commit a Hobbs Act robbery in violation of 18 U.S.C. §1951; (2) committing a Hobbs Act robbery in violation of 18 U.S.C. §1951; and (3) using a firearm during the commission of a Hobbs Act robbery

in violation of 18 U.S.C. §924(c). (See United States v. Troiano, Criminal Action No. 1:05-cr-0261-HG (USDC Hawaii) at Doc. 298).

On October 5, 2005, the Government filed a Superceding Indictment, charging Petitioner with one additional count of being a felon in possession of a firearm in violation of 18 U.S.C. §§922(g)(1) and 924(e). Id.

On April 19, 2006, the jury returned a verdict against Petitioner on all four counts of the indictment. Id.

On August 24, 2006, the Court sentenced Petitioner to imprisonment of 17 years for Counts 1, 2, and 4, to be served concurrently, followed by imprisonment of seven years, for Count 3, to be served consecutively, for a total term of imprisonment of 24 years. Id.

On September 11, 2006, Petitioner appealed his conviction to the United States Court of Appeals for the Ninth Circuit Court. Id.

On December 12, 2007, the Ninth Circuit Court of Appeals affirmed the judgement of the District Court. Id.

Petitioner subsequently filed a petition for certiorari to the United States Supreme Court, and on April 14, 2008, the United States Supreme Court denied Petitioner's petition for certiorari. Id.

On April 14, 2009, Troiano filed a Motion to Vacate, Set Aside, or

Correct Sentence Pursuant to 28 U.S.C. §2255. Id. Petitioner raised the following two grounds of ineffective assistance of counsel: (1) Petitioner's waiver of rights under F.R.E. 410 and Fed.R.Crim.P. 11(F) were involuntary due to coercion and misrepresentation by his first counsel, Pamela Byrne; and (2) Petitioner's subsequent counsel, Todd Eddins, failed to present any evidence of coercion and misrepresentation to the Court, and failed to properly investigate potentially exculpatory evidence. Id.

By Order dated August 9, 2009, the district court denied Troiano's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255. Id.

On August 19, 2014, Troiano filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he raises ten challenges to his conviction and sentence. (See Doc. 1-1 at 1-33).

## III.  DISCUSSION

Habeas corpus petitions brought under §2254 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59

3

(M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a section 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a section 2255 motion. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Here, Petitioner is clearly challenging his conviction and sentence. Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced. See section 2255 ¶5 (the motion must be filed in "the court which sentenced him").

A defendant can pursue a §2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255 ¶5; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The claimed inadequacy or ineffectiveness of §2255 must be a "limitation of scope or procedure . . . prevent[ing] a Section 2255 proceeding from affording . . . a full hearing and

adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Cradle, 290 F.3d at 538 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)); see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)("A prior unsuccessful §2255 motion or the inability to meet" the requirements for a second or successive 2255 motion "does not make §2255 inadequate or ineffective."). The Petitioner has the burden of proving that §2255 would be inadequate or an ineffective remedy. Reyes-Reguena v. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).

Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255. Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under §2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Troiano has already filed a motion pursuant to §2255 in the United States District Court for the District of Hawaii. He argues that because "it is explicitly unquestionable that Petitioner cannot meet either of the standards

for authorization to file a second or successive motion pursuant to 28 U.S.C. §2255", this "legal dilemma renders a remedy via Section 2255 inadequate and ineffective to test the legality of Petitioner's detention" and "as a result, the deficient remedy permits Petitioner to file a writ of habeas corpus under 28 U.S.C. Section 2241 pursuant to the Saving Clause." (Doc. 1-1 at 37-38). The fact that the petitioner can not meet the procedural and gatekeeping requirements of 28 U.S.C. §2255, however, does not mean that a remedy under §2255 would be inadequate or ineffective. Cradle, 290 F.3d at 539.

The United States Court of Appeals for the Third Circuit has made it clear that simple inability to "meet the stringent gatekeeping requirements" does not permit the Petitioner in a case to proceed under section 2241 in order to avoid those requirements. Okereke v. United States, 307 F.3d 117, 120–21 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). See also United States v. Barrett, 178 F.3d 34, 50 (1st Cir.1999) ("A petition under §2255 cannot become 'inadequate or ineffective,' thus permitting the use of §2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements. Such a result would make Congress's AEDPA amendment of §2255 a meaningless gesture."); Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive petition is

erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. §1631."). As such, in the absence of an order authorizing the filing of this second or successive petition, this Court lacks jurisdiction to entertain it. Petitioner has thus failed to show that Section 2255 is inadequate or ineffective to challenge his detention, and his petition pursuant to Section 2241 is subject to dismissal for lack of jurisdiction.

### III. <u>**Certificate of Appealability**</u>

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. §2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a §2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000)(en banc) (certificate of appealability not required to appeal from denial of §2241 petition), *abrogated on other grounds by* Gonzalez v. Thaler, –––U.S. ––––, ––––, 132 S.Ct. 641, 649, 181 L.Ed.2d 619 (2012); Kornegay

v. Ebbert, 502 Fed.Appx. 131, 133 (3d Cir. 2012). Thus, the Court need not address this issue in the current action.

## IV.    Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

        s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: October 17 , 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1622-01.wpd